Prince E. **FORYOH**, Plaintiff–
Appellant,

v.

**TRITON COLLEGE**, Defendant–
Appellee.

No. 06–1626.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 25, 2006.*

Decided Sept. 26, 2006.

Prince E. Foryoh, Chicago, IL, pro se.

Daniel Edward Cannon, Kusper &
Raucci, Chicago, IL, for Defendant–Appel-
lee.

Before Hon. RICHARD A. POSNER,
Circuit Judge, Hon. TERENCE T.
EVANS, Circuit Judge, Hon. ANN
CLAIRE WILLIAMS, Circuit Judge.

**ORDER**

Prince Foryoh sued Triton College un-
der 42 U.S.C. § 1983 alleging that he was
beaten in the course of an arrest on cam-
pus. The district court determined that
Foryoh's claims were barred by the appli-
cable two-year statute of limitations and
granted Triton College's motion to dismiss.
We affirm.

In April 2005, Foryoh filed suit against
Triton College, alleging false arrest and
excessive force arising out of an altercation
with a fellow student three years earlier
that resulted in his arrest and beating by
Triton College police officers. Upon his
release from custody, Foryoh alleges that
he sought medical treatment for injuries
sustained during the arrest. Foryoh was
convicted of misdemeanor battery related
to the incident and served a sentence of
conditional release. Triton College moved
to dismiss his complaint under Fed.
R.Civ.P. 12(b)(6) due to the passage of the
statute of limitations. The district court
granted the motion, determining that Fo-
ryoh's complaint had been filed outside the
applicable two-year statute of limitations,
735 ILCS 5/13–202, and that equitable toll-
ing did not apply to extend the deadline.

On appeal, Foryoh argues that the dis-
trict court applied the wrong statute of
limitations to his 42 U.S.C. § 1983 claims,
arguing that the five-year "catch-all" stat-
ute, 735 ILCS 5/13–205, rather than the
two-year statute of limitations for personal
injuries, 735 ILCS 5/13–202, is proper. It
is well-settled, however, that the two-year
period is the appropriate statute of limita-
tions in Illinois for § 1983 claims. 735
ILCS 5/13–202; *Evans v. City of Chicago*,
434 F.3d 916, 934 (7th Cir.2006).

Foryoh next contends that even if the
two-year limitations period applies to his
claims, the district court erred in finding
that his filing was untimely. Although he
concedes that he filed his initial complaint
more than three years after his arrest, he
argues that his claims accrued not upon
the date of his arrest but on either the
date of his conviction, August 19, 2003 (one
year, eight months and three days before
he filed his complaint), or the date his

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is

submitted on the briefs and the record. Fed.
R.App. P. 34(a)(2).

sentence ended, August 17, 2004 (eight months and five days before filing). However, a claim for false arrest under § 1983 accrues at the time of the arrest, *Wallace v. City of Chicago,* 440 F.3d 421, 423 (7th Cir.2006), as would Foryoh's excessive force claim, *see Evans,* 434 F.3d at 934. His original complaint, dated April 22, 2005, was filed more than three years after his claims accrued—a year past the limitations period.** As for his argument that his claims should be tolled until the date he finished serving his sentence of conditional release, "nothing in either federal law or Illinois law tolls or delays the running of an applicable statute of limitations on a § 1983 claim until criminal proceedings are concluded." *Evans,* 434 F.3d at 934.

AFFIRMED.

---

** Because the defendant has not argued that Foryoh's false arrest claim would necessarily imply the invalidity of his underlying conviction such that it would be barred by *Heck v.* *Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we do not address that issue here. *See Okoro v. Bohman,* 164 F.3d 1059, 1061 (7th Cir.1999).